# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOEL VALCIN,
Appellant,

v.

UNITED STATES POSTAL SERVICE,
Agency.

DOCKET NUMBER
AT-3330-16-0681-I-1

DATE: February 27, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Joel Valcin</u>, Saint Cloud, Florida, pro se.

<u>Margaret L. Baskette</u>, Clearwater, Florida, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA) for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). For the reasons set forth below, we DENY the appellant's petition for review, VACATE the initial decision dismissing the appellant's VEOA appeal for lack of jurisdiction, and FIND that the Board has jurisdiction over the appellant's VEOA claim; however, we DENY the appellant's request for corrective action under VEOA on the merits.

## BACKGROUND

¶2        On January 19, 2016, the appellant applied for a Mail Handler Assistant position with the agency. Initial Appeal File (IAF), Tab 5 at 10-15, 18-19. It appears that on or about June 28, 2016, the appellant was notified that he was not selected for the position. *See id.* at 18-19; Petition for Review (PFR) File, Tab 1 at 21. On July 18, 2016, the appellant filed a Board appeal and attached a July 7, 2016 letter from the Department of Labor (DOL) that informed him that he did not meet the eligibility requirements of the applicable provisions of veterans' preference statutes and regulations under Title 5 of the U.S. Code and of his right to appeal his case to the Board. IAF, Tab 1. He did not request a hearing. *Id.* at 2. The administrative judge issued an order notifying the appellant of the requirements to establish Board jurisdiction over his claim under VEOA and ordering him to file statements and documentation addressing the timeliness of his appeal, exhaustion of his DOL remedy, his status as a preference eligible, and the statute or regulation relating to veterans' preference that was violated. IAF,

Tab 3 at 2-8.  The appellant did not respond to the order.  IAF, Tab 7, Initial Decision (ID) at 2.

¶3    The agency moved to dismiss the appeal for lack of jurisdiction on the ground that the appellant did not qualify as a preference eligible or veteran under VEOA because he was not separated from the armed forces under honorable conditions.  IAF, Tab 5 at 4-9.  The agency submitted the appellant's application for the Mail Handler Assistant position, in which he claimed a 10-point preference and responded in the negative to questions asking whether he had ever been discharged from the armed forces under other than honorable conditions or convicted by court martial.  *Id.* at 12-13.  The application included a DD Form 214, Certificate of Release or Discharge from Active Duty, showing that the appellant served in the Army from September 27, 1999, to July 22, 2009, and received a discharge for bad conduct following a court martial.  *Id.* at 20.  His application also included a February 19, 2015 letter from the Department of Veterans Affairs (DVA) showing the appellant as having two periods of service in the Army, one from September 27, 1999, to December 2, 2006, which DVA characterized as honorable service, and one from December 3, 2006, to July 22, 2009, which DVA characterized as other than honorable service.  *Id.* at 26.  Lastly, the application included a statement from the appellant stating that he had joined the military on September 27, 1999, reenlisted twice, and was subsequently found guilty of a false official statement during a court martial.  *Id.* at 27.

¶4    The administrative judge issued an initial decision finding that the appellant failed to make a nonfrivolous allegation that he was a preference eligible because he was discharged under other than honorable conditions and dismissing the appeal for lack of jurisdiction.  ID at 4.  The appellant timely filed a petition for review in which he argued that he was entitled to veterans' preference as a result of two previous honorable discharges and submitted new documents to support his claim.  PFR File, Tab 1 at 3-15.  The agency opposed the petition for review.  PFR File, Tab 3.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶5        The Board has jurisdiction over two types of VEOA claims: (1) the denial of a right to compete, and (2) the violation of a statute or regulation relating to veterans' preference. *See* 5 U.S.C. § 3330a(a)(1)(A) (veterans' preference claims); 5 U.S.C. §§ 3330a(a)(1)(B), 3304(f)(1) (right to compete claims); *see also Piirainen v. Department of the Army*, 122 M.S.P.R. 194, ¶ 8 (2015).  Here, the appellant has alleged a violation of a statute or regulation relating to veterans' preference.  IAF, Tab 1 at 1, PFR File, Tab 1 at 5.  To establish Board jurisdiction over a veterans' preference VEOA claim, an appellant must: (1) show that he exhausted his remedy with DOL; and (2) make nonfrivolous allegations that (i) he is a preference eligible within the meaning of VEOA, (ii) the action at issue took place on or after the October 30, 1998 enactment date of VEOA, and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference.  5 U.S.C. § 3330a(a)(1)(A); *Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012).

¶6        It is undisputed that the appellant exhausted his remedy with DOL and made a nonfrivolous allegation that his nonselection for the Mail Handler Assistant position occurred after 1998.  IAF, Tab 1 at 4, PFR File, Tab 1 at 11.  Based on the record before her, the administrative judge found that the appellant did not make a nonfrivolous allegation that he was a preference eligible within the meaning of VEOA.  ID at 4.  As set forth below, we find that the evidence the appellant submitted on review establishes a nonfrivolous allegation that he is a preference eligible and that the Board has jurisdiction over his claim.  PFR File, Tab 1 at 5.  However, we find that the appellant failed to establish by preponderant evidence that he is a preference eligible and deny his claim on the merits.

¶7        To establish that he is a preference eligible within the meaning of VEOA, the appellant must meet one of the following definitions of a preference eligible: (1) he is a veteran who served on active duty in the armed forces during one of

several statutorily proscribed periods and has been "discharged or released from active duty in the armed forces under honorable conditions"[2]; (2) he is a "disabled veteran," meaning he has served on active duty in the armed forces, has been separated from the armed forces under honorable conditions, and has established the present existence of a service-connected disability or is receiving compensation, disability retirement benefits, or pension because of a public statute administered by DVA or a military department; or (3) he has a relationship to an individual as set forth in section 2108(3)(D)-(H).[3]  5 U.S.C. § 2108(1)-(3); *Clark v. U.S. Postal Service*, 118 M.S.P.R. 527, ¶ 7 (2012) (defining preference-eligible veteran); *Downs v. Department of Veterans Affairs*, 110 M.S.P.R. 139, ¶ 10 (2008) (defining disabled veteran).

¶8        On review, the appellant does not dispute that he received a bad conduct discharge in 2009, but he argues that he has two previous discharges under honorable conditions that qualify him for veterans' preference.  PFR File, Tab 1 at 4-5.  He has provided 10 documents submitted for the first time on review in support of his argument, claiming that "[a]ll those documents were submitted with my original filing," but he has not provided any evidence that indicates the documents were submitted with his initial appeal.[4]  *Id.* at 4, 6-15.

¶9        The Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the

---

[2] Under 5 U.S.C. § 2108(1) and (2) an exception is provided to the definitions of veteran and disabled veteran for those individuals expecting to be discharged or released from active duty under honorable conditions.  However, this exception does not apply to the appellant, as he was discharged from the Army prior to the employment application at issue.  *See* 5 U.S.C. § 2108a.

[3] The appellant has neither asserted nor supplied any evidence that shows the third definition applies to him.

[4] The remaining documents are duplicative of information in the Initial Appeal File.  PFR File, Tab 1 at 10-11, 14.  One of the remaining documents appears to show that the appellant was not selected for a second position with the agency; however, he did not raise this action below, and it is not before the Board for adjudication.  *Id.* at 1, 12.

record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). However, the issue of the Board's jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time during a Board proceeding. *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 5 (2010). We accordingly consider the appellant's additional documentation, which includes certificates of honorable discharge from the Army dated December 2, 2002, and October 25, 2005; certificates of reenlistment in the Army dated December 3, 2002, and October 26, 2005; and letters from DVA dated August 31, 2014, and September 8, 2016, that state that the appellant "separated under honorable conditions from active duty military service" and is "entitled to compensation for service-connected disability(ies) which are at least 30 percent or more disabling." PFR File, Tab 1 at 6-9, 13, 15.

¶10    To establish Board jurisdiction over his VEOA claim, the appellant need not prove that he is a preference eligible but must make an assertion that, if proven, could establish that he is a preference eligible. *See* 5 C.F.R. § 1201.4(s) (defining nonfrivolous allegation); *Badana v. Department of the Air Force*, 104 M.S.P.R. 182, ¶ 10 (2006). We find that the appellant has submitted sufficient evidence on review to make a nonfrivolous allegation that he is a preference eligible and that his rights as a preference eligible were violated. Therefore, we find that the Board has jurisdiction over his claim. *See Elliott v. Department of the Air Force*, 102 M.S.P.R. 364, ¶ 8 (2006) (finding that an appellant's allegation, in general terms, that his veterans' preference rights were violated is sufficient to meet the nonfrivolous allegation standard).

¶11    Upon review of the merits of the appellant's claim, however, we find that the appellant cannot demonstrate that he is a preference eligible within the meaning of VEOA because he cannot establish by preponderant evidence that he was separated from the Army under honorable conditions. We previously have held that if an individual is separated from a qualifying period of military service

under honorable conditions, a subsequent discharge under other than honorable conditions does not necessarily disqualify him from preference-eligible status under 5 U.S.C. § 2108. *Clark*, 118 M.S.P.R. 527, ¶ 10; *Dooley v. Tennessee Valley Authority*, 43 M.S.P.R. 462, 467 (1990). Here, however, the appellant was not separated from a qualifying period of military service under honorable conditions. The appellant's DD Form 214 shows that he served continuously on active duty in the Army from September 1999 to July 2009, a period just short of 10 years and received a bad conduct discharge. IAF, Tab 5 at 20. We find the DD Form 214 controlling as to the calculation of the appellant's period of active duty service and the description of his separation from the Army. *See Neighoff v. Department of Homeland Security*, 122 M.S.P.R. 86, ¶ 9 (2015) (finding the DD Form 214 controlling as to the date of the appellant's release from active duty); 32 C.F.R. § 45.2(b) (2016) (providing that the DD Form 214 "record[s] and report[s] the transfer or separation of military personnel from a period of active duty" and "will provide . . . [a]ppropriate governmental agencies with an authoritative source of information which they require in the administration of Federal and State laws applying to personnel who have been discharged, otherwise released, or transferred to a Reserve component while on active duty"). The appellant's DD Form 214 does not support the conclusion that he was separated from active duty under honorable conditions. IAF, Tab 5 at 20.

¶12    Accordingly, although we find that the Board has jurisdiction over the appellant's claim and vacate the initial decision dismissing it for lack of jurisdiction, we find that he is not a preference eligible and deny his request for corrective action under VEOA on the merits.[5]

---

[5] Should the appellant believe there is an error in his DD Form 214, he may seek correction through the appropriate military department's Board of Corrections for Military Records. *See* Department of Defense Instruction 1336.01, Certificate of Release or Discharge from Active Duty, Enclosure 3, ¶ 5.b (Jan. 23, 2019).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

12

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          /s/ for
                        Jennifer Everling
                        Acting Clerk of the Board

Washington, D.C.